UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
 ------------------------------------------------------------X

NICK GIOIA, ANTONIETTA ZAPPIER, and  DAN
SCHUY, individually and on behalf of others similarly
situated,

<table>
<tr><td>Plaintiff,</td><td>**COLLECTIVE AND<br>CLASS ACTION<br>COMPLAINT_____**</td></tr>
<tr><td>-against-</td><td></td></tr>
<tr><td>PROJECT VERITAS</td><td>**JURY TRIAL DEMANDED**</td></tr>
<tr><td>Defendant.</td><td></td></tr>
</table>

 ------------------------------------------------------------X


        Plaintiffs Nick Gioia, Antonietta Zappier, and Dan Schuy, by their undersigned attorneys,

for their Complaint against defendant, alleges as follows:

## INTRODUCTION

        1.        This is a class and collective action for monetary and other relief brought by

employees of the defendant under Section 16 of the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 216, and  Sections 198, 652 and 663 of the New York Labor Law ("Labor Law").

## JURISDICTION AND VENUE

        2.        The jurisdiction of this Court is invoked pursuant to Section 16 of the FLSA, 29

U.S.C. § 216 (b), and Sections 1331 and 1367 of Title 28 of the United States Code.

        3.        This action is brought in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

        4.        Plaintiff Nick Gioia was employed by defendant as a video editor from on or

about   May 2019 until on or about October 2021.

        5.        Antonietta Zappier was employed by defendant as an "administrative assistant"

from on or about September 23, 2019, until on or about March 30, 2022.

6.      Plaintiff Dan Schuy was employed by defendant as a video editor from on or about September 2018 and April 2019.

7.      Each plaintiff was, at all relevant times, an "employee" within the meaning of Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1), and Section 190(2) of the Labor Law.

8.      Defendant Project Veritas ("PV") is a Virginia nonstock, nonprofit corporation with its principal place of business in Mamaroneck, New York. PV is an organization recognized as exempt from federal taxation as a charitable and educational organization under section 501(c)(3) of the Internal Revenue Code of 1986 as amended. Project Veritas is a right-wing nonprofit organization, which has become notorious for attempted undercover "sting" operations aimed at progressive organizations and Democratic Party campaigns and committees.

9.      The modus operandi of Project Veritas is to gain access to the offices of these organizations and campaigns through fraudulent misrepresentation; then to secretly videotape conversations and interactions with personnel of the organizations and campaigns; then to selectively edit the videotapes so as to distort and misrepresent what was said; and then to publicly release those selectively edited portions of the videotapes. The gross volume of Defendant PV's operations exceeds $500,000.00 annually.

10.     Defendant PV is an "enterprise engaged in commerce" within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), and is an employer within the meaning of Section 190(3) of the Labor Law and Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

11.     Plaintiffs bring their state law causes of action on behalf of a class of similarly situated employees, to wit, non-managerial employees of defendant who within the last six years were not paid overtime, or the "spread" required by New York Law.

     a.      the class is so numerous that joinder of all members is impracticable;

b.      there are questions of law or fact common to the class;

c.      the claims or defenses of the representative parties are typical of the claims or defenses of the class;

d.      the representative parties will fairly and adequately protect the interests of the class;

e.      inconsistent or varying adjudications with respect to individual members of the class would establish incompatible standards of conduct for the parties opposing the class;

f.      adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; and

g.      the parties opposing the class have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

12.      Plaintiffs also bring this action as a collective action. Each person similarly situated to the plaintiffs who affirmatively opts into this action by filing a Notice of Consent was also employed by defendant as an employee, in a non-exempt position, within the three years prior to this complaint being filed, worked in excess of 40 hours per week, and was not paid overtime. Each person similarly situated to the plaintiffs who affirmatively opts into this action by filing a Notice of Consent performed duties which included  logistical work, computer repair and troubleshooting, research, arranging events, video editing, interviewing, and writing. This action is brought on behalf of plaintiffs and all persons similarly situated who chose to opt in under procedures applicable to wage and hour claims, as determined by the Court.

## FACTS RELEVANT TO ALL CLAIMS

13.     Plaintiff Gioia generally worked 55-60 hours per week at an hourly rate of $26.44 or less, without being paid at all for the time he worked over 40 hours and without being  paid one-and-one-half times the hourly wage for hours in excess of 40. On most days, Plaintiff worked more than ten hours in one day, but was not paid one hour of bonus pay at the minimum wage rate for each day he worked more than ten hours.

14.      On most days Plaintiff Goia worked from 9am until some time between 7 and 8pm. He worked at PV's office as a video editor, cutting down footage submitted by "journalists" work in the field, and at times helping with the editing of finished videos which were the published on PV's website or on YouTube. From about May 2019 through mid-March 2020, at the start of the COVID Pandemic, Plaintiff Gioia kept time sheets documenting his overtime work, but was never compensated as per the time sheets. After May 2020 he ceased Submission of time sheets, even after returning to the office full-time.

15.     Plaintiff Zappier generally worked 50 -60 hours during every workweek, at an hourly rate of $31.25 per hour, without being at all for the time she worked over 40 hours and not being  paid one-and-one-half times the hourly wage for hours in excess of 40. On most days, Plaintiff worked more than ten hours in one day, but was not paid one hour of bonus pay at the minimum wage rate for each day he worked more than ten hours.

16.     Plaintiff Zappier's work was done both at the PV Office and at home. She regularly arrived at 7:30am to start answering calls on the "Tip Line." She would work all day answering calls and performing assigned administrative tasks. She would leave work at around 5pm, and resume taking calls from employees, arranging flights and hotel bookings, setting up Ubers, etc. When hired in 2019, Stacy Goran (Mrs. Zappier's predecessor) advised Mrs. Zappier that she would have to be on call 24/7 for James O'Keefe, PV's CEO. Later, she was advised by

the head of Human Resources (who also directed her not to keep a time sheet) that she could stop
answering the phone at 10pm. Nevertheless, she made a number of runs to the office after
midnight at O'Keefe's behest. Plaintiff also worked between 10 and 20 hours on the weekends.

17.     Plaintiff Schuy generally worked 55-60 hours per week at an hourly rate of
$26.43 or less, without being paid at all for the time he worked over 40 hours and without being
paid one-and-one-half times the hourly wage for hours in excess of 40. On most days, Plaintiff
worked more than ten hours in one day, but was not paid one hour of bonus pay at the minimum
wage rate for each day he worked more than ten hours.

18.     On most days Plaintiff Schuyworked from 9am until some time between 7 and
8pm. He worked both in PV's office, where he would generally listen to lengthy video or audio
files, choosing material which could be useful in a story PV was planning to publish, and
forwarding that to his supervisor. He also did graphic design while in the office. At times he
would be sent out in the field to work with an "undercover journalist" who would be taping (both
with audio recording and video recording equipment) a subject who was unaware that he /she
was being recorded. He would operate a remote camera taping the interactions, and then would
edit the sudio tapes submitted by the "journalist" and transcribe what was said, sometimes
working as much as 20 hours in a day.  Plaintiff Schuy kept and submitted time sheets
documenting his overtime work to HR Director Hyack, , but was never compensated as per the
time sheets.

19.     Up until May 31, 2020, Plaintiff Zappier, and upon information and belief, other
non-exempt employees, kept a time sheet (with an instruction to Zappier not to ever enter time
over 40 hours per week). After that date Plaintiff Zappier, and upon information and belief all
other non-exempt employees, was instructed not to fill out time sheets .

20.     The other non-managerial employees of PV worked similar schedules, with their time spent either in the office or in field. "Investigative" journalists (who were principally researchers, as opposed to "undercover journalists," who worked in the field, worked in the office late into every evening. Video editors also worked in the office, or in the field late into every evening. None were paid for the work they did over 40 hours, none were paid overtime pay overtime pay and none were paid  spread of hours.

21.     The allegations set forth above are incorporated by reference into the causes of action below.

## FIRST CAUSE OF ACTION
### (Collective Action)

22.     Defendants have violated Section 6 of the FLSA, 29 U.S.C. § 206, by failing to pay plaintiffs the minimum wage for each hour they worked.  Defendants' failure to pay plaintiffs the minimum wage for all of their hours worked was willful within the meaning of the FLSA.  Defendants are liable to plaintiffs in the amount of the unpaid compensation, plus liquidated damages in the amount of the unpaid compensation.

## SECOND CAUSE OF ACTION
### (Class Action)

23.     Pursuant to New York Labor Law §§ 198 and 663, defendants are liable to plaintiff s in the amount of the minimum wage compensation they were due under New York Labor Law § 652 and New York Compilation of Codes, Rules and Regulations, Title 12, Section 142-2.1, to receive but were, in fact, not paid, plus liquidated damages equal to 100 percent of the total amount of the wages found to be due.

## THIRD CAUSE OF ACTION
### (Collective Action)

24.     Defendant has violated Section 7 of the FLSA, 29 U.S.C. § 207, by failing to pay plaintiffs at one-and-one-half times her regular rate of pay for each hour they worked in excess of 40 during a workweek. Defendant's failure to pay plaintiffs time-and-a-half for their overtime hours worked was willful within the meaning of the FLSA. Defendant is liable to plaintiffs in the amount of the unpaid compensation, plus liquidated damages in the amount of the unpaid compensation.

## FOURTH CAUSE OF ACTION
### (Class Action)

25.     Pursuant to New York Labor Law §§ 198 and 663, defendant is liable to plaintiff s in the amount of compensation she was entitled by Labor Law §§ 650 *et seq.* and New York Compilation of Codes, Rules and Regulations, Title 12, Section 142-2.2, to receive but was, in fact, not paid, because of defendant's failure to pay at one-and-one-half times their regular rate of pay for each hour they worked in excess of 40 during a workweek, plus liquidated damages equal to 100 percent of the total amount of the wages found to be due.

## FIFTH CAUSE OF ACTION
### (Class Action)

26.     Pursuant to New York Labor Law §§ 198 and 663, defendant is liable to plaintiffs in the amount of compensation theywas entitled by Labor Law §§ 650 *et seq.* and New York Compilation of Codes, Rules and Regulations, Title 12, Section 142-2.4, to receive but were, in fact, not paid, because of defendant's failure to pay plaintiff the required daily spread-of-hours compensation, for each day they worked more than ten hours, plus liquidated damages equal to 100 percent of the total amount of the wages found to be due.

**TRIAL BY JURY**

27.     Plaintiffs request a trial by jury on all claims asserted herein.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs request that this Court:

1.     Certify plaintiffs as representatives of a class of persons similarly situated for litigation of the state law claims.

2.     Enter such orders as are necessary to certify this case as a collective action under the Fair Labor Standards Act.

3.     Order defendant to make a complete accounting to plaintiffs and plaintiffs' class of the hours that they worked on a weekly basis and of all payments plaintiffs received in compensation for the six-year period preceding the commencement of this action;

4.     Order defendant to pay to plaintiffs all unpaid wages due and owing because of defendant's  failure to compensate plaintiffs and their class both at minimum wage and at a rate of time and one-half their regular rate of compensation for each hour worked in excess of 40 during each workweek, and one hour of pay for each day each worked more than ten hours;

5.     Order defendant to pay liquidated damages pursuant to the FLSA, 29 U.S.C. § 216(b), Labor Law §§ 198 and 663, and any other applicable statute, rule, or regulation;

6.     Order defendant to pay plaintiffs' reasonable attorneys' fees, costs, and prejudgment interest; and

7.     Grant plaintiffs and their class such other and further relief as the Court deems proper and just.

Dated:  New York, New York
        July 19, 2022

ADVOCATES FOR JUSTICE
Attorneys for Plaintiffs

By:_____

    Arthur Z. Schwartz
    Richard Soto
    225 Broadway, Suite 1902
    New York, New York 10007
    (212) 285-1400