

Brooklyn
1 MetroTech Center, Suite 1701
Brooklyn, NY 11201
718.215.5300 | P

Long Island · Brooklyn · White Plains · Rochester · Albany

October 18, 2022

**Via ECF**
Hon. Phillip M. Halpern
Federal Building and Courthouse
300 Quarropas Street, Room 530
White Plains, New York 10601

      Re:    *Gioia, et al. v. Project Veritas, et al.*,
                <u>Case No. 22-cv-06710; Pre-Motion Letter</u>

Dear Judge Halpern:

We represent Defendants Project Veritas, James O'Keefe ("O'Keefe") and Tom O'Hara ("O'Hara") (collectively "PV Defendants"), and we write pursuant to Rules 2(C) and 4(C)(ii) of Your Honor's Individual Practices, to request a pre-motion conference in preparation for a motion to dismiss the First Amended Complaint filed on September 22, 2022 (Dkt. No. 16, the "FAC"), and for related relief.[1]  The bases for the motion are as follows.[2]

**Mrs. Zappier's And Mr. Flowers' Claims Are Barred By Their Releases.**

The claims by Mrs. Zappier and Mr. Flowers are barred by releases in their Separation Agreements, and their conclusory allegations about their agreements (FAC ¶¶ 8, 44-45) cannot overcome the plain language in those agreements.  *Pucilowski v. Spotify USA, Inc.*, 2022 WL 836797, at *8 (S.D.N.Y. Mar. 21, 2022) (dismissing with prejudice at the motion to dismiss stage,

---

[1] In compliance with Your Honor's Individual Rule 4(C)(ii), we sent an initial pre-motion letter to Plaintiffs' Counsel on September 13, 2022, directed to the original complaint.  We received a response from Plaintiffs' Counsel on September 20, 2022, indicating that he believed any deficiencies were addressed in the FAC.  On October 10, 2022, we sent a pre-motion letter to Plaintiffs' Counsel directed to the FAC, and raising the issues that are raised in this letter.  We have not received a response.

[2] This letter focuses on the most glaring deficiencies, but is not an exhaustive list of every deficiency in the FAC.

and citing cases); *see also Bachiller v. Turn On Prod., Inc.*, 2003 WL 1878416, at *4 (S.D.N.Y. Apr. 14, 2003), *aff'd*, 86 F. App'x 465 (2d Cir. 2004) ("The fact that Plaintiff signed the agreement immediately after her termination, that she did not have a role in deciding its terms and that she was not represented by counsel at the time she signed the agreement do not change the fact that the totality of the circumstances here overwhelmingly weigh in favor of upholding the validity of the Release.").

Moreover, it is undisputed that both Mrs. Zappier and Mr. Flowers have retained the payments made under their agreements. They have thus ratified the agreements. *Pucilowski*, 2022 WL 836797, at *8.

Additionally, their claims are barred by their admissions in paragraph 3 of each of their Separation Agreements that they have "been paid all compensation to which they are entitled in connection with their employment with" Project Veritas.

Finally, if the Court does not dismiss Mrs. Zappier's claims, it should stay her claims pending a determination in the first-filed Westchester Supreme Court Action, Index No. 61484/2022, as to the viability of her release. *See Lafont v. Phillip*, 2022 WL 2132992, at * 7 (E.D.N.Y. June 14, 2002).

**Certain of Plaintiffs' FLSA Claims Are Barred By The Statute of Limitations.**

Certain of Plaintiffs' FLSA claims are subject to dismissal because they are barred by the applicable statute of limitations. FLSA claims are subject to a two-year statute of limitations, which may be extended to three years of a violation is "willful." *See Inclan v. New York Hosp. Grp.*, 95 F. Supp. 3d 490, 503 (S.D.N.Y. 2015). We assume for purposes of this letter only that the FAC pleads willfulness, although any allegation of willfulness is strongly disputed.

In Plaintiffs' September 20, 2022 response to our initial pre-motion letter, he conceded that: (i) "at most, the FLSA claims go back to August 7, 2019"; (ii) Mr. Schuy does not have any viable FLSA claim; and (iii) "[f]rom May-August 2019," Mr. Gioia does not have any viable FLSA claim. With respect to the newly added Plaintiffs, the FAC alleges that Mr. Sculti was employed from August 17 through June 2021, Mr. Thibodeau was employed from December 17, 2019 through September 15, 2020, and Mr. Flowers was employed from June 2019 until January 2022. FAC ¶¶ 6-8. Thus, Mr. Sculti and Mr. Flowers' claims are partially time-barred.

**Plaintiffs' Wage-And-Hour Causes of Action Are Deficiently Pleaded.**

For FLSA and NYLL claims to withstand a motion to dismiss, there must be specific factual allegations as to "(1) when unpaid wages were unearned and the number of hours worked without compensation; (2) specific facts of employment including dates of employment, pay, and positions; and (3) the entity that directly employed the plaintiffs. *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 199-200 (2d Cir. 2013). The FAC lacks several of these requirements.[3]

As for Mr. Thibodeau, Mr. Flowers, and Mr. Schuy, the FAC fails to plead when unpaid wages were earned, or the number of hours worked without compensation. These Plaintiffs improperly rely on vague phrases like "generally" and "on most days," which are not enough to state a plausible claim for overtime or for minimum wage compensation. *See Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114-15 (2d Cir. 2013). Although Mr. Gioia and Mrs. Zappier attempt to provide more detail than Mr. Thibodeau, Mr. Flowers, and Mr. Schuy, their claims are also deficiently pleaded because they rely on broad generalizations. *Bustillos v. Academy Bus*, 2014 WL 116012, at *3-4 (S.D.N.Y. Jan. 13, 2014). Moreover, no Plaintiff

---

[3] In addition, each Plaintiff was exempt from overtime during the relevant time(s).

specifies any uncompensated breaks during which they worked, nor do they specifically identify any other unpaid hours.  See *Lundy*, 711 F.3d at 115.

Plaintiffs' claims for spread-of-hours pay are also deficient.  None of the Plaintiffs were shift workers, and each earned substantially more than minimum wage.  See *Sosnowy v. A. Perri Farms, Inc.*, 764 F. Supp. 2d 457, 474 (E.D.N.Y. 2011);  see also *Seenaraine v. Securitas Sec. Services USA, Inc.*, 37 A.D.3d 700, 701-02 (2d Dep't 2007).  In the FAC, Plaintiffs do not plausibly plead that they were paid (or even near) the minimum wage.  There is no allegation, nor facts from which the Court could infer, that Plaintiffs' rates of pay would entitle them to spread-of-hours payments.  Under these circumstances, the claim must be dismissed.

Finally, the FAC admits that Mr. Gioia, Mr. Sculti, Mr. Thibodeau, Mr. Schuy, and Mr. Flowers' jobs consisted of either editing video footage or journalism (or both)—*i.e.*, jobs that mainly involve creative and artistic endeavors.  See e.g., FAC ¶¶ 21, 25, 26, 27, 30-31.  Thus, it is clear from the FAC that these individuals were exempt from overtime under the creative professional exemption.  See 29 C.F.R. § 541.302(d);  see also *Sherwood v. Washington Post*, 871 F. Supp. 1471, 1482 (D.D.C. 1994).

**Mr. Flowers' ERISA Cause of Action Is Deficiently Pleaded.**

The sixth cause of action, which is brought by Mr. Flowers, seeks compensation under ERISA for health insurance, dental and vision insurance, holiday pay, and vacation pay.  This claim is barred by Mr. Flowers' release.  *Yablon v. Strook & Strook & Lavan Ret. Plan and Trust*, 98 Fed.Appx. 55, 57 (2d Cir. 2004).  The claim is also deficiently pleaded because the FAC lacks, *inter alia*, non-conclusory allegations that Mr. Flowers was a "participant" or "beneficiary" in a qualifying "plan," and he has identified no plan administrator.  *Kuhbier v. McCartney, Verrino & Rosenberry Vested Producer Plan*, 239 F. Supp. 3d 710, 721-22 (S.D.N.Y. 2017);  see also

4

*DiMaria v. First Unum Life Ins. Co.*, 2003 WL 21018819, at *3 (S.D.N.Y. May 6, 2003); *Hardy v. Adam Rose Ret. Plan*, 957 F. Supp. 2d 407, 413 (S.D.N.Y. July 16, 2013). He also fails to allege that he has exhausted administrative remedies. *Cannon v. Douglas Elliman LLC*, 2007 WL 4358456, at *7 (S.D.N.Y. Dec. 10, 2007).

Additionally, the PV Defendants are not proper defendants for this claim. *Ferro v. Metropolitan Center for Mental Health*, 2014 WL 1265919, at * 7 (S.D.N.Y. Mar. 17, 2014).

Finally, even if Mr. Flowers could state an ERISA claim against the PV Defendants, he would not be entitled to vacation benefits or sick pay. *United Auto., Aerospace and Agr. Implement Workers of America, Local 33 v. R.E. Dietz Co.*, 996 F.2d 592 (2d Cir. 1993); *Cohen v. Local 338-RWDSU/UFCW*, 2010 WL 3199695, at * 10 (S.D.N.Y. Aug. 12, 2010).

**Plaintiffs Fail To State A Cause Of Action As Against Mr. O'Keefe Or Mr. O'Hara.**

Although the FAC added Mr. O'Keefe and Mr. O'Hara as individual Defendants, the FAC does not mention them in any of its causes of action, nor does it identify which claims are purportedly brought against them individually. *See Caraveo v. Nielson Med. Research, Inc.*, 2002 WL 530993, at *2 (S.D.N.Y. April 8, 2002); *Bower v. Weisman*, 639 F. Supp. 532, 538 (S.D.N.Y. 1986). In any event, the FAC lacks sufficient non-conclusory allegations to support individual liability as against either Mr. O'Keefe or Mr. O'Hara with respect to any of its causes of action. *See, e.g., Tracy v. NVR, Inc.*, 667 F.Supp.3d 244, 246 (W.D.N.Y. 2009); *Gill v. ACACIA Network*, 2015 WL 1254774, at *6 (Mar. 18, 2015).

\*   \*   \*

For each of the foregoing reasons, PV Defendants respectfully request a pre-motion conference pursuant to Rules 2(C) and 4(C)(ii) of Your Honor's Individual Rules. We thank the Court for its attention to this matter.

        Very truly yours,

        **ABRAMS FENSTERMAN, LLP**

        <u>/s/ *Justin T. Kelton*</u>
        Justin T. Kelton
        1 MetroTech Center, Suite 1701
        Brooklyn, NY 11201
        Tel: (718) 215-5300 x 501
        Email:  jkelton@abramslaw.com
        *Attorneys for Defendants*
        *Project Veritas, James O'Keefe, and*
        *Tom O'Hara*