

**Arthur Z. Schwartz**
Principal Attorney

aschwartz@afjlaw.com

225 Broadway, Suite 1902
New York, New York 10007

t. (212) 285-1400
f. (212) 285-1410

www.afjlaw.com

January 13, 2023

<u>By ECF</u>

Hon. Philip M. Halpern
United States District Court
300 Quarropas Street
White Plains, New York 10601

> Re:   Gioia, Zappier et al. v. Project Veritas
>        22-cv-06710
>        <u>Pre-Motion Letter – Motion to Amend</u>

Dear Judge Halpern:

We write, in line with your Rules, seeking a Pre-Motion Conference on a Motion to File a Second Amended Complaint (Exhibit A).

The purposes of the amendment are five-fold:

    a.    We want to reinstate the dismissed defendant, Engage.

    b.    We dropped the pendent claim for spread of hours.

    c.    We added that Ms. Zappier and Mr. Gioia returned their severance payments.

    d.    We added some factual material (the transcript of a meeting) to the assertion that the FLSA violations were willful.

    e.    Most importantly, we added allegations that make it clear that the plaintiffs (other than Zappier) are not exempt employees as "creative professionals."

The U.S. Department of Labor has issued 29 CFR § 541.302 as the Federal Regulation which discusses Creative Professionals.  That regulation states that its application depends on the extent of the invention, imagination and originality exercised by the employee.  § 541.302(c).  With respect to reporters, the regulation states that they do not qualify as creative professionals if their work is subject to substantial control by the employer.  We submit that the same goes for



Hon. Philip M. Halpern
January 13, 2023
Page 2


video editors.  *See Dobrosmylov v. DeSales Media Group, Inc.*, 532 F.Supp.3d 54, 58-59
(E.D.N.Y. 2021) ("the dues of employees vary widely such that determination of except creative
professional status must be made on a step-by-step basis."  Video editor not a creative professional
because he used "intelligence and diligence" rather than "imagination and creativity"); *Harapeti v.
CBS Television Stations*, 2022 WL 1024775 (S.D. Florida 2022) (reporters not creative
professionals).

  Our amendments to the complaint allege that our plaintiffs who are video editors and
journalist/reporters work with substantial supervision and are not required to use creativity in
creating their produce.  We thought it important to do this before defendants file their Motion to
Dismiss, since they were likely to allege that the Complaint does not sufficiently plead that
plaintiffs are not creative professionals.

  Thank you for your consideration.

       Respectfully submitted,

        /s/ *Arthur Z. Schwartz*

       Arthur Z. Schwartz


AZS:dr
Att.

cc:  All Counsel (by ECF)