

**Brooklyn**
1 MetroTech Center, Suite 1701
Brooklyn, NY 11201
718.215.5300 | P

Rochester · Albany

> Plaintiffs' response to Defendants' pre-motion letter (Doc. 51), pursuant to this Court's Individual Practices Rule 2(C), shall be filed by 2/16/2023.
>
> SO ORDERED.
>
> _/s/ Philip M. Halpern_
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> February 14, 2023

February [ ], 2023

**Via ECF**
Hon. Phillip M. Halpern
Federal Building and Courthouse
300 Quarropas Street, Room 530
White Plains, New York 10601

    Re:    *Gioia et al v. Project Veritas et al.*, Case No. 22-cv-06710-PMH;
            <u>Motion To Strike Privileged Information From Second Amended Complaint</u>

Dear Judge Halpern:

    We represent Defendants Project Veritas, James O'Keefe, and Tom O'Hara in the above-referenced action (the "Action"). We write pursuant to Federal Rule of Civil Procedure 12(f) to move to strike several paragraphs set forth in Plaintiffs' Second Amended Collective and Class Action Complaint (the "Second Amended Complaint") (Dkt. No. 50), which reflects the contents of a meeting protected by Project Veritas' attorney-client privilege, and which the Court already directed not be included in the Second Amended Complaint. Defendants will be serving a pre-motion letter directed to the inadequacies of the Second Amended Complaint shortly, but we write separately now because Plaintiffs' repeated improper disclosure of Project Veritas' privileged communications is extremely concerning and requires urgent attention.

    Plaintiffs commenced this Action on August 9, 2022 with the filing of a Complaint. (Dkt. No. 7). On September 22, 2022, Plaintiffs filed a First Amended Complaint. (Dkt. No. 16). On January 13, 2023, Plaintiffs filed a letter to the Court seeking a Pre-Motion Conference regarding a proposed motion to file a second amended complaint. (Dkt. No. 41). Together with their letter, Plaintiffs filed as an exhibit a purported transcript of unknown origin (the "Purported Transcript") allegedly of a May 29, 2019 meeting (the "May 2019 Meeting") that included two in-house attorneys at Project Veritas (John Sullivan and Will Keiper), and which included discussions concerning, among other things, advice Project Veritas received from its outside counsel with respect to the status of Project Veritas' employees. (Dkt. No. 41-1). The Purported Transcript therefore contained the substance of discussions protected by the attorney-client privilege belonging to Project Veritas. The undersigned wrote to Plaintiffs' counsel requesting that the exhibit be removed from the docket and, in response, Plaintiffs' counsel advised the Court that he requested that the Clerk seal the Purported Transcript and that since the parties "dispute whether the document contained privileged attorney-client information . . . we can hash it out as part of that litigation." (Dkt. No. 45).

By Order, dated February 1, 2023 (the "February 1 Order"), the Court granted Plaintiffs leave to file a second amended complaint in the form proposed "without the challenged exhibit *or references thereto in the pleading*." (Dkt. No. 48) (emphasis added). It was clear from this Order that Plaintiffs were not to include references to the Purported Transcript in their second amended complaint.

Nevertheless, on February 1, 2023, Plaintiffs filed the Second Amended Complaint (Dkt. No. 50), which included several paragraphs expressly alleging the contents of the privileged May 2019 Meeting that were the subject of the Purported Transcript. (*See* Dkt. No. 50, Second Amended Complaint at ¶¶ 41-43).

Accordingly, Defendant Project Veritas moves to strike paragraphs 41, 42 and 43 of the Second Amended Complaint that reflect the content of the Purported Transcript, as protected by the attorney-client privilege.[1]

The purpose of the attorney-client privilege is to "promot[e] full and frank communications between attorneys and their clients . . . thereby encourag[ing] observance of the law and aid[ing] in the administration of justice." *Compass Productions International LLC v. Charter Comms., Inc.*, 2020 WL 3448012, *2 (S.D.N.Y. June 24, 2020) (quoting *Commodity Futures Trading Comm'n v. Weintraub,* 471 U.S. 343, 348 (1985)); *see also Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) ("[t]he privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client"). It is axiomatic that "[t]he attorney-client privilege applies not only to individuals, but also to corporate entities," and "protects from disclosure communications among corporate employees that reflect advice rendered by counsel to the corporation." *Compass Productions International LLC*, 2020 WL 3448012 at *3 (citing *Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, 160 F.R.D. 437, 442 (S.D.N.Y. 1995)). Thus, "[c]ommunications between a corporation and its inhouse counsel for the purpose of obtaining or providing legal advice are also afforded the attorney-client protection." *AIU Ins. Co. v. TIG Ins. Co.*, 2008 WL 4067437, *6 (S.D.N.Y. Aug. 28, 2008) (citing *Rossi v. Blue Cross & Blue Shield,* 73 N.Y.2d 588 (1989)) ("The privilege applies to communications with attorneys, whether corporate staff counsel or outside counsel.").

Accordingly, the contents of meetings held between a corporation's in-house and/or outside counsel and the corporation's employees are protected from disclosure by the attorney-client privilege. *See AIU Ins. Co.*, 2008 WL 4067437 at *11 (referring to Schedule A in opinion) (notes of various meetings during which plaintiff's claim for coverage was discussed and at which outside counsel attended were protected by attorney-client privilege "to the extent that the notes reflect communication between counsel and plaintiff's employees concerning legal issues"); *Martinez v. Kleinfeld Bridal Corp.*, 2017 WL 2859941, *2 (S.D.N.Y. June 30, 2017) (notes summarizing facts and information about workplace incident and employees involved in the incident which were communicated by corporation's management to its attorneys "memorialize[d] the 'giving of information to the lawyer to enable him to give sound and informed advice,'" and was therefore "protected from disclosure by attorney client privilege") (citing *United States v.*

---

[1] Plaintiffs' First Amended Complaint also contained similar paragraphs (¶¶ 41-43), which should also be stricken and removed from the Court's docket for the same reasons.

*DeFonte,* 441 F.3d 92, 95 (2d Cir. 2006) (attorney-client privilege protected memorializations of private conversations [client] had with attorney)).

Here, paragraphs 41, 42 and 43 of the Second Amended Complaint rehash and summarize the contents of the Purported Transcript. They allege, among other things, that Project Veritas' "leadership staff" met with several attorneys on May 29, 2019 regarding how to classify certain categories of individuals performing work with or for Project Veritas, what benefits and overtime such employees might be entitled to, and the potential tax ramifications of such classifications. (*See* Dkt. No. 50, Second Amended Complaint at ¶¶ 41-43). Although not alleged specifically in the Second Amended Complaint, the Purported Transcript submitted by Plaintiffs reflects that at least two of the participants in the May 2019 Meeting were in-house attorneys at Project Veritas (John Sullivan and Will Keiper). Additionally, the discussion involved analysis of legal advice that Project Veritas had received the same day from its outside counsel, Greg Zimmer, Esq., who had been providing such advice to Project Veritas on an ongoing basis for years prior to, during, and after the discussion referenced in the Purported Transcript. It is clear that paragraphs 41, 42 and 43 of the Second Amended Complaint reflect the memorialized contents of the May 2019 Meeting, which consisted of discussions meant to obtain or provide legal advice, and were meant to enable counsel to "give sound and informed advice" and to enable executives to discuss that advice. Accordingly, the content of that meeting is protected from disclosure by the attorney-client privilege. *AIU Ins. Co.*, 2008 WL 4067437 at *6, 11; *Martinez*, 2017 WL 2859941 at *2.

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). If the evidence to be offered in support of an allegation would be inadmissible at trial, "then the motion to strike that allegation should be granted." *Shakima O. v. Westchester County*, 2014 WL 521608, *5 (S.D.N.Y. Feb. 10, 2014) (granting motion to strike because e-mail at issue was protected by attorney-client privilege and directing that references to email's contents be stricken from the original and amended complaints) (citing *Major League Baseball Props., Inc. v. Opening Day Prods., Inc.*, 1997 WL 525482, *6–7 (S.D.N.Y. Aug. 22, 1997) (granting in part motion to strike privileged attorney-client information from counterclaim)). Allegations based on privileged information are inadmissible and properly stricken. *Shakima O.*, 2014 WL 521608 at *5; *Parnes v. Parnes*, 80 A.D.3d 948, 950-51 (3d Dep't 2011) (affirming order to strike paragraphs of amended complaint based on privileged information).

For all the reasons set forth above, Defendant Project Veritas respectfully requests that the Court strike paragraphs 41, 42 and 43 of the Second Amended Complaint, that Plaintiffs be directed to re-file the Second Amended Complaint accordingly, that Plaintiffs be admonished for their continued violations of Project Veritas' attorney-client privilege, and that the Court award Defendants their fees and costs incurred in having to address this issue once again due to Plaintiffs' brazen disregard for this Court's Order issued just two days ago. Defendants also respectfully request that the Court direct that any versions of Plaintiffs' current or prior complaints containing the contents of paragraphs 41, 42 and 43 currently on the Court's docket, including the First Amended Complaint and the Second Amended Complaint, be stricken accordingly or that such pleadings be removed from the docket. *Id.*

We thank the Court for its attention to this matter.

Respectfully,

*/s/ Justin T. Kelton*

Justin T. Kelton

Cc: All counsel of record (*via NYSCEF*)