# A F
## ABRAMS FENSTERMAN, LLP
### ATTORNEYS AT LAW

Defendants' applications for pre-motion conference granted (Docs. 51, 54). A conference has been scheduled for March 28, 2023 at 12:00 pm, to be held in Courtroom 520 of the White Plains courthouse. The conference will address defendants' letter-motions to strike (Doc. 51) and to dismiss (Doc. 54). The Court disregards and will not consider plaintiffs' opposition to defendants' letter-motion to dismiss for failure to comply with Individual Practices Rule 2(c). Plaintiffs shall, by 5:00 p.m. on February 28, 2023, file opposition in compliance with Rule 2(c), which limits opposition letters to five double-spaced pages.

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated: White Plains, New York
February 24, 2023

**Via ECF**
Hon. Phillip M. Halpern
Federal Building and Courthouse
300 Quarropas Street, Room 530
White Plains, New York 10601

**Re:** *Gioia et al v. Project Veritas et al.*, S.D.N.Y. Case No. 22-cv-06710-PMH;
**Pre-Motion Letter Directed To Second Amended Complaint.**

Dear Judge Halpern:

We represent Defendants Project Veritas, James O'Keefe ("O'Keefe") and Tom O'Hara ("O'Hara") (collectively "PV Defendants"), and we write pursuant to Rules 2(C) and 4(C)(ii) of Your Honor's Individual Practices, to request a pre-motion conference in preparation for a motion to dismiss the Second Amended Complaint filed on February 1, 2023 (Dkt. No. 49, the "SAC"), and for related relief.[1] The bases for the motion are as follows.[2]

## Mrs. Zappier's And Mr. Flowers' Claims Are Barred By Their Separation Agreements.

The claims by Mrs. Zappier and Mr. Flowers are barred by the releases in their Separation Agreements, and their conclusory allegations about their agreements (SAC ¶¶ 5, 8, 44-46) are insufficient to overcome the plain language in those agreements. *See Pucilowski v. Spotify USA, Inc.*, 2022 WL 836797, at * 8 (S.D.N.Y. Mar. 21, 2022) (dismissing with prejudice at the motion to dismiss stage, and citing cases), *aff'd*, 2022 WL 16842926 (2d Cir. 2022); *see also Bachiller v.*

---

[1]   In compliance with Your Honor's Individual Rule 4(C)(ii), we sent an initial pre-motion letter to Plaintiffs' counsel on February 7, 2023. We received a response from Plaintiffs' Counsel on February 10, 2023 indicating that he believed that the SAC contains no deficiencies.
[2]   This letter focuses on the most glaring deficiencies, but is not an exhaustive list of every deficiency in the SAC.

*Turn On Prod., Inc.*, 2003 WL 1878416, at \*4 (S.D.N.Y. Apr. 14, 2003), *aff'd*, 86 F. App'x 465 (2d Cir. 2004).

In an attempt to avoid the bar presented by their releases, Mrs. Zappier and Mr. Flowers allege that they have returned their severance payments. SAC ¶¶ 44(a), 44(b). Those allegations fail. Tellingly, Mrs. Zappier and Mr. Flowers fail to plead *when* they attempted to return their payments, and they fail to advise the Court that Project Veritas rejected their belated attempts to tender the payments back. Mrs. Zappier waited ten months and Mr. Flowers waited almost a year before they unilaterally attempted to return their payments. Those periods are far too long to constitute timely tenders back—especially where, as here, the attempts to return the funds were not made until well after litigation commenced. By their lengthy delays, Mrs. Zappier and Mr. Flowers have ratified their Separation Agreements and Releases. *See, e.g.*, *Nicomedez v. AIG*, No. 12-CV-490 KBF, 2012 WL 5264560, at \*5 n. 8 (S.D.N.Y. Oct. 16, 2022) ("Even if plaintiff were so inclined, it is now too late for her to repay the consideration she has received.").

Mrs. Zappier also asserts that her Separation Agreement was void because it did not provide the protections for a release of ADEA claims as required under the OBWPA, but that argument is contrary to well-settled law, and was already rejected by the Court in the State Action.[3]

**Certain of Plaintiffs' FLSA Claims Are Barred By The Statute of Limitations.**

Certain of Plaintiffs' FLSA claims are subject to dismissal because they are barred by the applicable statute of limitations. FLSA claims are subject to a two-year statute of limitations, which may be extended to three years if a violation is "willful." *See Inclan v. New York Hospitality Grp.*, 95 F. Supp. 3d 490, 503 (S.D.N.Y. 2015). We assume for purposes of this letter only that the SAC pleads willfulness, although any allegation of willfulness is strongly disputed.

---

[3]    Decision & Order dated Nov. 10, 2022, *Project Veritas v. Zappier*, Westchester County Index No. 61484/2022 (NYSCEF Dkt. No. 24).

Plaintiffs' counsel has conceded that: (i) "at most, the FLSA claims go back to August 7, 2019"; and (ii) Mr. Schuy does not have any viable FLSA claim; and (iii) "[f]rom May – August, 2019," Mr. Gioia does not have any viable FLSA claim. In light of these concessions, we are hopeful that these claims can be dismissed by stipulation, and we are preparing a proposed stipulation for this purpose. Should these claims not be dismissed by stipulation, they will be included in PV Defendants' motion.

With respect to the other Plaintiffs, the SAC alleges that Mr. Sculti was employed from August 2017 through June 2021, Mr. Thibodeau was employed from December 17, 2019 through September 15, 2020, and Mr. Flowers was employed from June 2019 until January 2022. (SAC ¶¶ 4-9). Thus, Mr. Sculti's and Mr. Flowers' claims are also partially time-barred and those time-barred portions should be dismissed. Again, we are hopeful that this can be resolved by stipulation before our motion is filed.

### Plaintiffs' Wage-And-Hour Causes of Action Are Deficiently Pleaded.

For FLSA and NYLL claims to withstand a motion to dismiss, there must be specific factual allegations as to "(1) when unpaid wages were earned and the number of hours worked without compensation; (2) specific facts of employment including dates of employment, pay, and positions; and (3) the entity that directly employed the plaintiffs." The SAC continues to lack these requirements.

With respect to Mr. Thibodeau, Mr. Flowers, and Mr. Schuy, the SAC fails to explain with any clarity when the unpaid wages were allegedly earned, and/or the number of hours worked without compensation. These plaintiffs improperly rely on vague phrases like "generally" and "on most days," which are not enough to state a plausible claim for overtime or for minimum wage compensation. *See Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114-15 (2d

Cir. 2013). Although Mr. Gioia and Mrs. Zappier attempt to provide more detail than Mr. Thibodeau, Mr. Flowers, and Mr. Schuy, their claims are also deficiently pleaded because they rely on broad generalizations. *Bustillos v. Academy Bus*, 2014 WL 116012, at \*3-4 (S.D.N.Y. Jan. 13, 2014). Moreover, no Plaintiff specifies any uncompensated breaks during which they worked, nor do they specifically identify any other unpaid hours. *See Lundy*, 711 F.3d at 115.

Finally, the SAC admits that Mr. Gioia, Mr. Sculti, Mr. Thibodeau, Mr. Schuy, and Mr. Flowers' jobs consisted of either editing video footage or journalism (or both)—*i.e.*, jobs that primarily involve creative and artistic endeavors. *See, e.g.*, SAC ¶¶ 21, 25-27, 30, 31, 37. The allegations on face of the SAC suggest that these individuals were exempt from overtime under the creative professional exemption. *See* 29 C.F.R. § 541.302(d); *see also Sherwood v. Washington Post*, 871 F. Supp. 1471, 1482 (D.D.C. 1994).

Plaintiffs attempt to avoid this result by including in the SAC a handful of conclusory allegations designed to suggest that they were not exempt creative professionals. *See, e.g.*, SAC ¶¶ 4, 6-9, 25-26. In light of the admissions in the SAC and the caselaw noted above, Plaintiffs' self-serving boilerplate allegations are insufficient to state a claim. *See Johnson v. Equinox Holdings, Inc.*, No. 13 CIV. 6313, 2014 WL 3058438, at \*4 (S.D.N.Y. July 2, 2014) (overtime claims too conclusory and generalized to survive dismissal).

## Mr. Flowers' ERISA Cause of Action Is Deficiently Pleaded.

The fifth cause of action, which is brought by Mr. Flowers, seeks compensation under ERISA for health insurance, dental and vision insurance, holiday pay, and vacation pay. This claim is barred by Mr. Flowers' release. *Yablon v. Strook & Strook & Lavan Retirement Plan and Trust*, 98 Fed.Appx. 55, 57 (2d Cir. 2004). The claim is also deficiently pleaded because the SAC lacks, *inter alia*, non-conclusory allegations that Mr. Flowers was a "participant" or "beneficiary"

in a qualifying "plan," and he has failed to identify any plan administrator. *Kuhbier v. McCartney, Verrino & Rosenberry Vested Producer Plan*, 239 F. Supp. 3d 710, 721-22 (S.D.N.Y. 2017); *see also DiMaria v. First Unum Life Ins. Co.*, 2003 WL 21018819, at *3 (S.D.N.Y. May 6, 2003); *Hardy v. Adam Rose Retirement Plan*, 957 F. Supp. 2d 407, 413 (S.D.N.Y. July 16, 2013).  He also fails to allege that he has exhausted administrative remedies.  *Cannon v. Douglas Elliman, LLC*, 2007 WL 4358456, at *7 (S.D.N.Y. Dec. 10, 2007).

Additionally, the PV Defendants are not proper defendants for this claim.  *Ferro v. Metropolitan Center for Mental Health*, 2014 WL 1265919, at *7 (S.D.N.Y. Mar. 17, 2014).

Finally, even if Mr. Flowers could state an ERISA claim, he would not be entitled to vacation benefits or sick pay.  *United Auto., Aerospace and Agr. Implement Workers of America, Local 33 v. R.E. Dietz Co.*, 996 F.2d 592 (2d Cir. 1993); *Cohen v. Local 338-RWDSU/UFCW*, 2010 WL 3199695, at *10 (S.D.N.Y. Aug. 12, 2010).

**Plaintiffs Fail To State A Cause of Action As Against Mr. O'Keefe Or Mr. O'Hara.**

The SAC does not mention Mr. O'Keefe or Mr. O'Hara in any of its causes of action, nor does it even identify which claims are purportedly brought against them individually. Furthermore, the SAC lacks sufficient non-conclusory allegations to support individual liability as against either Mr. O'Keefe or Mr. O'Hara with respect to its causes of action.

\*       \*       \*

For each of the foregoing reasons, PV Defendants respectfully request a pre-motion conference pursuant to Rules 2(C) and 4(C)(ii) of Your Honor's Individual Rules.  We thank the Court for its attention to this matter.

Very truly yours,


**ABRAMS FENSTERMAN, LLP**

 */s/ Justin T. Kelton*
Justin T. Kelton
1 MetroTech Center, Suite 1701
Brooklyn, NY 11201
Tel: (718) 215-5300 x 501
Email:  jkelton@abramslaw.com
*Attorneys for Defendants*
*Project Veritas, James O'Keefe, and*
*Tom O'Hara*


Cc:     All counsel of record (*via* ECF)