**STIPULATION AND AGREEMENT OF SETTLEMENT**

This Stipulation and Agreement of Settlement ("Settlement Agreement") is entered into between Plaintiffs Nick Gioia, Antonietta Zappier, Leon Sculti, Patrice Tibodeau, Casey Flowers, and Dan Schuy (the aforementioned are collectively referred to as "Plaintiffs") and S2 HR Solutions 1A, LLC (d/b/a Engage PEO) (the "Company" or "Engage" or "Engage PEO"), wherein Plaintiffs and Engage PEO are collectively referred to herein as the "Parties", to settle all claims asserted in the matter captioned First Amended Collective and Class Action Complaint, *Nick Gioia, et al. v. Project Veritas, S2 HR Solutions 1A, LLC (d/b/a Engage PEO LLC), Tom O'Hara, and James O'Keefe.*, No. 7:22-cv-06710-PMH (the "Claims"), including all Claims asserted under the Fair Labor Standards Act, the New York Labor Law, and the Employee Retirement and Income Security Act ("ERISA"). The defendants in the First Amended Collective and Class Action Complaint, Project Veritas, Tom O'Hara and James O'Keefe are not parties to this Settlement Agreement and remain defendants.

**WHEREAS,** Plaintiffs have asserted causes of action, claims, or demands for non-payment of minimum wage, overtime wages, spread of hours, and/or employee benefits allegedly earned by Plaintiffs;

**WHEREAS**, Engage PEO represents that it and Project Veritas (herein referred to as "Project Veritas") have been party to a Professional Employer Organization (PEO) Client Service Agreement (herein referred to as "Service Agreement"); and

**WHEREAS**, Engage PEO represents that during the period of time the Service Agreement has been in effect, Engage has only performed traditional PEO services for Project Veritas, which include payroll administration, the provision of workers' compensation insurance and other services as more particularly described in the Service Agreement, and that Project Veritas has maintained

FP 45804271.1

contractual and/or employer status and direction and control over Plaintiffs and all other employees of Project Veritas; and

**WHEREAS**, Engage represents that at all times during the period of time that the Service Agreement has been in effect, Engage has never functioned as an "employer" of Plaintiffs or of any other employee of Project Veritas within the meaning of the Claims set forth in the First Amended Collective and Class Action Complaint; and

**WHEREAS**, although named as a party in the Amended Collective and Class Action Complaint referenced above, Engage PEO was never served with process and the Court dismissed Engage PEO without prejudice as a defendant pursuant to Fed. R. Civ. P. 4(m) on January 4, 2023; and

**WHEREAS,** the Parties have agreed that in order to avoid the expense and burdens of further litigation and after substantial investigation and arms-length settlement negotiations, the Parties desire to resolve and settle the Claims, including releasing all claims and charges against Released Parties (defined below), asserted therein, upon the terms and conditions more fully set forth below; and

**IT IS HEREBY STIPULATED, CONSENTED TO AND AGREED,** by and among the Plaintiffs and the Company, and intending to be legally bound that subject to the approval of the Court, the Claims shall be settled as against S2 HR Solutions 1A, LLC (d/b/a Engage PEO), on the merits and with prejudice, and the released Claims, as set forth in Paragraph 4, shall be finally and fully compromised and settled in the manner and upon the terms and conditions hereafter set forth:

1. **Process for Approval of Settlement.** The parties agree to submit this Settlement Agreement to the Court along with all papers necessary to obtain approval of this Settlement. Once approved by the Court, the parties will execute this Agreement within 7 days.

2. **Payment of Settlement Proceeds.** In consideration of the execution of this Settlement Agreement and promises and covenants contained herein, and in full, final, and complete settlement, the Parties acknowledge and agree that the Claims are settled and resolved for the total gross amount of Fifteen Thousand Dollars and Zero Cents ($15,000.00), inclusive of Plaintiffs' counsel's attorneys' fees, expenses and costs ("Gross Settlement Amount"). Plaintiffs acknowledge that the Gross Settlement Amount is sufficient and adequate consideration in exchange for Plaintiffs' promises, releases, and covenants as set forth below. Within thirty (30) days of the Court's final approval of this Settlement Agreement, as well as receipt of U.S. Internal Revenue Service ("IRS") Form W-9 signed by Plaintiffs' Counsel, Advocates for Justice, Chartered Attorneys, the Company shall deliver to Plaintiffs' counsel a check made payable to "Advocates for Justice, Chartered Attorneys", as attorneys for Plaintiffs, in the amount of Fifteen Thousand Dollars and Zero Cents ($15,000.00). Advocates for Justice, Chartered Attorneys will be issued a Form 1099.

Plaintiffs understand and agree that the Company is providing Plaintiffs with no tax or legal advice, and make no representations regarding tax obligations or consequences, if any, related to this Agreement. Plaintiffs agree that Plaintiffs and their counsel will be solely responsible for any and all taxes owed and payable by Plaintiffs with respect to the settlement payment and agrees that Plaintiffs will timely file the appropriate income tax return(s) for calendar year reflecting the above payment and will timely pay the taxes. Notwithstanding the foregoing, if any claim is asserted against the Company or any of the Released Parties (defined below), by any taxing authority with respect to the payments provided for herein, Plaintiffs and their counsel shall hold harmless and indemnify the Company and any of the Released Parties from any cost, loss, liability, expense, fine, and penalty assessed against Plaintiffs, and any attorneys' fees arising from any of the payments set forth herein and/or the extent of withholdings from same; provided, however, that Plaintiffs shall bear no

responsibility for or in connection with the failure of Company to make any employer's contributions to payroll taxes.

3. **Settlement Payments Do Not Trigger Additional Benefits.** All payments to Plaintiffs shall be deemed to be paid solely in the year in which such payments actually are received by the Plaintiffs. The Parties agree and Plaintiffs acknowledge that the payments provided for in this Settlement Agreement are the sole payments to be made to the Plaintiffs by the Released Parties in connection with the Claims and that Plaintiffs are not entitled to any new or additional compensation or benefits from Released Parties as a result of having received the payments (notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect during the period covered by this Settlement).

4. **Waiver and Release of Claims against Engage.**

4.1 The term "Released Parties" as used in this Agreement includes (a) S2 HR Solutions 1A LLC (d/b/a Engage PEO) and its past, present, and future owners, parents, divisions, subsidiaries, partnerships, other affiliates, and related entities (whether or not they are wholly owned); (b) past, present, and future owners, trustees, fiduciaries, administrators, management committees, benefit plans, shareholders, directors, officers, partners, agents, representatives, members, associates, consultants, employees who are not employed in a professional employer organization relationship with the Company, attorneys, professional employer organizations, insurers, and reinsurers of each entity listed in subpart (a) above; and (c) the predecessors, successors, and assigns of each entity listed in subpart (a).

4.2 Plaintiffs, in consideration of the Settlement Payment set forth in Paragraph 2, release and forever discharge the Released Parties, from the Claims asserted in *Nick Gioia, et al. v. Project Veritas, et al.*, 7:22-cv-06710-PMH, and all claims relating to the laws governing minimum wage,

overtime pay, wage payments, health insurance benefits, retirement benefits and all other employee benefits and all other wage-and-hour issues, including, but not limited to, claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*; New York Labor Law, Article 6, § 190, *et seq.*, the New York Minimum Wage Act, New York Labor Law, Article 19, § 650, *et seq.*, New York's Minimum Wage Order, 12 NYCRR Part No. 142, the Employee Retirement and Income Security Act ("ERISA"), 29 U.S. Code § 1132, *et seq.*, claims for unpaid wages, unpaid overtime, disputes over hours worked, health insurance or retirement benefits, or failure to provide proper wage statements or notices, claims for breach of contract or compensation related to the payment of wages. The released claims include interest, liquidated damages, punitive damages, penalties, attorneys' fees and costs related to such claims.

4.3   Plaintiffs agree not to add Engage PEO or any other Released Party as a defendant to *Nick Gioia, et al. v. Project Veritas, et al.*, 7:22-cv-06710-PMH, or in any other lawsuit involving the Claims and released in Paragraph 4.2.

5.   **Scope of Waiver of Claims.**  Nothing in this Settlement Agreement shall constitute a waiver of any rights to enforce the terms of this Settlement Agreement or waiver of claims that cannot be legally waived or of claims that arise after the date this Settlement Agreement is executed. Nothing in this Settlement Agreement shall be construed to prohibit Plaintiffs from filing a charge with or participating in any investigation or proceeding conducted by the EEOC, NLRB, or comparable state or local agency. However, Plaintiffs agree that Plaintiffs have released the Released Parties from any and all liability arising from the laws, statutes, and common law listed in Paragraph 4, above. As such, Plaintiffs are not and will not be entitled to any monetary or other comparable relief on Plaintiffs' behalf against Released Parties resulting from any proceeding brought by Plaintiffs, or any other person or entity, including but not limited to any federal, state, or local agency. With this release

of claims in this Settlement Agreement, Plaintiffs specifically assign to the Company their right to any recovery arising from any such proceeding.

6. **Settlement Contingent on Court Approval.**  This Settlement Agreement is contingent upon the Court's approval of the Settlement ("Final Approval").  If the Court refuses to grant Final Approval, this Settlement Agreement may be voided at any Party's option, in which case this Settlement Agreement will become void and will not be used for any purpose in connection with any further litigation or any other lawsuit, administrative or other legal proceeding, claim, investigation, or complaint.

7. **Non-Disclosure and Communications.**

7.1 Plaintiffs' counsel and Engage PEO's counsel will not contact the media, post online, or utilize any social media regarding this Settlement or its terms.  If contacted by the media regarding this Settlement, counsel's response can be "no comment" or be limited solely to words to the following effect: "The matter has been resolved."

7.2 Plaintiffs' Counsel will promptly notify Engage PEO's Counsel of any third-party demand that they disclose information pertinent to this Settlement, including any demand from Project Veritas or any defendant in *Nick Gioia, et al. v. Project Veritas, et al*., 7:22-cv-06710-PMH.

7.3 Notwithstanding the above, this confidentiality provision does not prevent or restrict Plaintiffs from enforcing their Section 7 rights under the National Labor Relations Act, participating in Section 7 activity (including the right to communicate with former coworkers and/or third parties about terms and conditions of employment or labor disputes) or otherwise cooperating through investigation, testimony, or otherwise with the National Labor Relations Board or any other administrative agency or court.

8. **Mutual Full Cooperation.**  The Parties will fully cooperate with each other and with the Court to accomplish the terms of this Settlement Agreement, including but not limited to, the preparation and execution of documents necessary to implement this Settlement Agreement. The Parties will use their best efforts to effectuate this Settlement Agreement and will use their best efforts to obtain the Court's approval of the Settlement and to defend the Settlement from any legal challenge.

9. **Complete Agreement.**  No representation, promise, or inducement has been offered or made to induce any Party to enter into this Settlement Agreement, which contains the entire, complete, and integrated statement of all Settlement terms and supersedes all previous oral or written agreements.  This Settlement Agreement may not be amended or modified except by a writing signed by the Parties' authorized representatives, provided any such amendment or modification is not contrary to law or an order of the Court.

10. **Notifications and Communications.**  Any notifications or communications made in connection with this Settlement Agreement shall be sent to the Parties at the addresses of their respective counsel as follows:

| | |
|---|---|
| ADVOCATES FOR JUSTICE, CHARTERED ATTORNEYS<br>c/o Arthur Z. Schwartz, Esq.<br>Richard Soto, Esq.<br>225 Broadway, Suite 1902<br>New York, New York 10007<br>Tel. (212) 285-1400<br>*Attorneys for Plaintiffs* | FISHER & PHILLIPS LLP<br>c/o David B. Lichtenberg, Esq.<br>Theresa D'Andrea, Esq.<br>430 Mountain Avenue, Suite 303<br>Murray Hill, New Jersey 07974<br><br>Times Square Tower<br>7 Times Square, Suite 403<br>New York, NY 10036<br>Tel. (908) 516-1050<br>*Attorneys for Engage PEO* |

11. **No Admission of Liability and No Concession as to the Merits.**  Released Parties deny that any Released Party was an employer of any of the Plaintiffs within the meaning of the

FP 45804271.1

Claims and deny that they violated the law in any manner alleged in or related to the Claims. Plaintiffs acknowledge and agree that the payments made pursuant to this Settlement Agreement are not to be construed as an admission of liability on the part of any of the Released Parties. The Parties enter into this Settlement Agreement to avoid the risks, uncertainty, expense and burden of further litigation. This Settlement Agreement shall not be construed or deemed to be an admission of liability, culpability, negligence, or wrongdoing on the part of any Released Party. Neither the Settlement nor the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement or the Settlement Agreement: (i) is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Claim or of any wrongdoing or liability of any Released Parties; or (ii) is or may be deemed to be or may be used as an admission or evidence of any liability, fault or omission of any Released Parties in any civil, criminal or administrative proceeding in any court, arbitration proceeding, administrative agency or other forum or tribunal in which any Released Parties are or become a party, other than in such proceedings as may be necessary to consummate or enforce the Settlement Agreement or the Final Approval order.

12.  **Waiver.**  The waiver by one party of any breach of this Settlement Agreement by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Settlement Agreement. No rights under this Settlement Agreement may be waived except in writing and signed by the waiving party.

13.  **Miscellaneous.**

13.1  This Settlement Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or such party's counsel participated in the drafting of the Settlement Agreement. This Settlement Agreement constitutes the entire agreement among these Parties, and no representations, warranties or inducements have been made to the Parties concerning

8

this Settlement Agreement, other than the representations, warranties and covenants contained and memorialized in such documents.

13.2    Each Plaintiff affirms that he, she or they have no known workplace injuries or occupational diseases as of the date of the execution of this Settlement Agreement.

14.    **Execution In Counterparts.**  This Settlement Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  Fax or .pdf signatures shall be deemed original copies for the purposes of this Settlement Agreement.

15.    **Binding Effect.**  This Settlement Agreement shall be binding upon and shall inure to the benefit of the successors and assigns of the Parties hereto.

16.    **Governing Law**.  This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to choice-of-law principles.  The Court shall retain jurisdiction over actions or proceedings based upon, including the enforcement of, this Settlement Agreement or any of its terms. All Parties to this Settlement Agreement shall be subject to the jurisdiction of the Court for all purposes related to this Settlement Agreement.

17.    **Headings.**  The Paragraph headings in this Settlement Agreement are for the convenience of reference only, do not constitute a part of this Settlement Agreement, and shall not be deemed to limit or affect any provision hereof.

18.    **Knowing and Voluntary Agreement.**  The Parties enter into this Settlement Agreement knowingly, voluntarily, and with full knowledge of its significance.  The Parties have not been coerced, threatened, or intimidated into signing this Settlement Agreement and have consulted with legal counsel regarding the Settlement Agreement.  In addition, Plaintiffs acknowledge that Plaintiffs have been given a reasonable time in which to consider and sign this Settlement Agreement,

that the Settlement Agreement has been written in a clear manner, and that Plaintiffs fully understand the significance of all the terms and conditions of this Settlement Agreement and has had the opportunity to discuss them with Plaintiffs' attorneys, and Plaintiffs' attorneys have answered to Plaintiffs' satisfaction any questions Plaintiffs have asked with regard to the meaning and significance of any of the terms or provisions of this Settlement Agreement.

                                                                              S2 HR SOLUTIONS 1A, LLC (d/b/a ENGAGE PEO)

_____       By:_____
NICK GIOIA

Dated:_____                         Dated:_____

_____
ANTONIETTA ZAPPIER

Dated:_____

_____
LEON SCULTI

Dated:_____

_____
PATRICE THIBODEAU

Dated:_____

_____
CASEY FLOWERS

Dated:_____

_____
DAN SCHUY

Dated:_____